**No. 48233.**—Protest 89516–K of Automatic Totalisators, Inc. (Tampa).

Opinion by LAWRENCE, J. The protest was dismissed.

BEFORE THE THIRD DIVISION, APRIL 26, 1943

**No. 48234.**—Petition 6350–R of Jenkins Bros. (New York).

Opinion by CLINE, J. The petition was dismissed.

APRIL 23, 1943

**No. 48235.**——Protest 9713–K of Winograd Brothers, Inc. C. D. 708. Government's application for rehearing denied; Walker, J., dissenting.

APRIL 27, 1943

**No. 48236.**—SUITS 4411 and 4412.— .—*United States* v. *Ritter Carlton Co.* and *Ritter Carlton Co.* v. *United States.* C. D. 657 modified March 1, 1943. C. A. D. 233.

BEFORE THE FIRST DIVISION, APRIL 28, 1943

**No. 48237.**—Petition 6324–R of A. J. Schwartz (New York).

Opinion by COLE, J. The petitioner's reliance upon the value stated in the official papers was based upon an affidavit from the Brazilian shipper attesting to the correctness thereof and was the reason for the petitioner's refusal to change the invoice prices when he was advised by his customs broker as well as the customs examiner that they were not acceptable to the appraiser. The customs examiner admitted he had returned at invoiced values all previous entries by the petitioner extending over a period of approximately 2 years. Counsel for the petitioner, in his brief, stressed unfamiliarity with customs procedure as the reason for petitioner's failure to accept the information offered by the customs officials, but the court held that ignorance of the law is not sufficient to grant relief, citing *Schrikker* v. *United States* (13 Ct. Cust. Appls. 562, T. D. 41433), the principal question being the good faith and intention of the importer, citing *United States* v. *American Metal Co.* (12 id. 440, T. D. 40612). The sworn statement in the form of an affidavit of the foreign shipper, and the uniform practice over a period of years to which the petitioner was accustomed, during which time his invoice prices were never disputed, the court stated, created a situation which caused the petitioner to take the position he did in this case, and the court was of the opinion that he has not forfeited his right to recover. On the record presented the petition was granted.